Charles Michael
212 378 7604
cmichael@steptoe.com

1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com



November 25, 2020

**By ECF**

Hon. Lorna G. Schofield
United States District Court
500 Pearl St.
New York, New York 10007

Re:  *10012 Holdings, Inc. d/b/a Guy Hepner v. Hartford Fire Ins. Co. et al.,*
 **20 Civ. 4471 (S.D.N.Y.) —Letter Concerning Additional Cases**

Dear Judge Schofield:

We represent the defendant Sentinel Insurance Company Ltd. ("Defendant") in the above captioned matter.  We write to respectfully inform the Court that since the filing of Defendant's motion to dismiss briefing (ECF 20; ECF 24) and Defendant's Letters Concerning Additional Authority (ECF 26, 29), there have been seven additional decisions from federal courts concluding that business interruption from COVID-19, and associated governmental responses, do not satisfy the "direct physical loss" requirement in property insurance policies.

First, in *Uncork & Create, LLC v. Cincinnati Insurance Co.*, No. 2:20-cv-00401, 2020 WL 6436948 (S.D. W.Va. Nov. 2, 2020), the Southern District of West Virginia analyzed a COVID-19 business interruption claim from a creative event planning company, and concluded that, "regardless of artful pleading as to the likelihood of the presence of the virus" on the insured's premises, the coronavirus "does not cause a direct physical damage or loss to property[.]" *Id.* at *5.

Second, in *Nahmad v. Hartford Casualty Insurance Co.*, Case No. 1:20-cv-22833, 2020 WL 6392841 (S.D. Fl. Nov. 2, 2020), the Southern District of Florida, in analyzing a dental practice's COVID-19 business interruption claim, rejected the argument that "economic damages alone without any corresponding physical harms to the Covered Property is covered under the Policy." *Id.* at *8.

Third, in *Real Hospitality, LLC v. Travelers Casualty Insurance Co.*, No 20-cv-00087-KS-MTP, 2020 WL 6503405 (S.D. Miss. Nov. 4, 2020), the Southern District of Mississippi analyzed a restaurant's COVID-19 business interruption claim and concluded that "Plaintiff's Complaint fails to state a claim because it does not allege that any insured property was damaged or that Plaintiff was permanently dispossessed of any insured property." *Id.* at *6.

Hon. Lorna G. Schofield
November 25, 2020
Page 2

**Steptoe**

Fourth, in *Brian Handel DMD, PC v. Allstate Insurance Co.*, Civ. Action No. 20-3198, 2020 WL 6545893 (E.D. Pa. Nov. 6, 2020), the Eastern District of Pennsylvania analyzed a dentist's COVID-19 business interruption claim and concluded that because "[P]laintiff's property remained inhabitable and usable, albeit in limited ways," the Plaintiff had "failed to plead plausible facts that COVID-19 caused damage or loss in any physical way to the property so as to trigger coverage." *Id.* at *3.

Fifth, in *Water Sports Kauai, Inc. v. Fireman's Fund Insurance Co.*, No: 20-cv-03750-WHO, 2020 WL 6562332 (N.D. Cal. Nov. 9, 2020), the Northern District of California analyzed a retail chain's COVID-19 business interruption claim and concluded that the Plaintiff "has not alleged any direct physical anything that happened to or at its specific properties. Moreover, it has not been dispossessed or deprived of any specific property; its inventory and equipment remain." *Id.* at *6.

Sixth, in *Goodwill Industries v. Philadelphia Insurance Co.*, No. 5:20-cv-00511-R, ECF No. 24 (W.D. Okla. Nov. 9, 2020), the Western District of Oklahoma analyzed a non-profit organization's COVID-19 business interruption claim and concluded that "[a]lleging a direct physical loss unambiguously requires a showing of tangible damage. Goodwill failed to allege it suffered any tangible damage, and therefore, its claim is subject to dismissal." *Id.* p. 8.

Finally, in *T&E Chicago LLC v. The Cincinnati Insurance Co.*, No. 20 C 4001, 2020 WL 6801845 (N.D. Ill. Nov. 19, 2020) the Northern District of Illinois analyzed a tavern's COVID-19 business interruption claim and concluded that "loss of use of property without any physical change to that property cannot constitute direct physical loss or damage to the property." *Id.* at *5.

Respectfully,

*/s/ Charles Michael*

Charles Michael

cc: All Counsel of Record (via ECF)